IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEITH RUSSELL JUDD | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv491 |
| JOHN B. FOX | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Keith Russell Judd, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

<u>Factual Background and Procedural History</u>

On June 24, 1999, in the United States District Court for the Western District of Texas, petitioner was found guilty by a jury of two counts of mailing a threatening communication with the intent to extort money or something of value, in violation of 18 U.S.C. § 876.  *See United States v. Judd*, No. 7:98cr93 (W.D. Tex. 1999). Petitioner was subsequently sentenced to 210 months imprisonment, three years supervised release, restitution to the victim in the amount of $20,000, and a special assessment of $200.  *Id.*

Petitioner appealed his conviction and sentence to the Fifth Circuit Court of Appeals.  On March 19, 2001, the judgment of the district court was affirmed.  *See United States v. Judd*, No. 98-51081 (5th Cir. 2001) (unpublished).

Petitioner filed a motion to vacate, set aside or correct sentence on August 9, 2001.  The motion was denied on March 12,

2003.  *See Judd v. United States*, No. 7:01cv121 (W.D. Tex. Mar. 12, 2003).

<u>Analysis</u>

Petitioner is not challenging the manner in which his sentence is being executed.  Instead, he attacks the legality of his conviction, asserting that he is actually innocent.  Additionally, petitioner requested an administrative determination of his innocence concerning his criminal conviction.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Relief under this section is warranted for errors that occurred at trial or sentencing.  *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  The courts, not the Bureau of Prisons, make determinations of actual innocence concerning criminal convictions.

Section 2241 is correctly used to attack the manner in which a sentence is executed.  *Tolliver*, 211 F.3d at 877.  A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion.  *Id.* at 877-78.  However, there is one exception to this general rule.  A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate,

2

set aside or correct sentence.  However, as petitioner was convicted in the United States District Court for the Western District of Texas, this court lacks jurisdiction to entertain a § 2255 motion.  Further, since petitioner has previously filed a motion to vacate, set aside or correct sentence, he must receive permission from the appropriate court of appeals to file a successive or second motion to vacate sentence.

Interpreted liberally, petitioner's petition is construed as an attempt to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that § 2255 is inadequate in petitioner's situation.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.  *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001).  A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective.  *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause.  *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).  In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively

3

applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Id*. at 904.

Here, petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255.  Thus, the petition should be dismissed.

<u>Conclusion</u>

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed.  A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **15** day of **October, 2007.**


Thad Heartfield
United States District Judge